# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL V. MILLER, | ) | Case No. 8:10-cv–00172 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANTS' REPLY BRIEF** |
| | ) | **TO PLAINTIFF'S OBJECTION TO** |
| AMERICAN INTERNATIONAL GROUP, | ) | **DEFENDANTS' INTENTION TO** |
| INC., SUNAMERICA CAPITAL | ) | **SERVE SUBPOENA** |
| SERVICES, INC., AIG SUNAMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

The Defendants, AIG International Group, Inc., SunAmerica Capital Services, Inc., and AIG SunAmerica ("Defendants"), by and through their undersigned attorneys, submit this Reply Brief to Plaintiff's Objection to Defendants' Intention to Serve Subpoena (Filing No. 29) ("Objection"). As explained in detail below, Plaintiff is attempting to block Defendants' legitimate efforts to obtain relevant information from Plaintiff's current employer.

Plaintiff filed this action under the Age Discrimination Employment Act, 29 U.S.C. § 621, alleging that the reduction of his territory, failure to receive a retention bonus, and termination of his employment were due to his age and/or because he complained of age discrimination. (Filing No. 1). As part of their Answer, Defendants denied Plaintiff's allegations and asserted that they had legitimate business reasons for their decisions, namely Plaintiff's poor performance. Moreover, Defendants asserted an affirmative defense for failure to mitigate Plaintiff's damages. (Filing No. 16).

On August 9, 2010, pursuant to Fed.R.Civ.P. 45 and NECivR 45.1, Defendants filed a Notice of Intention to Serve Subpoenas (Filing No. 27) ("Notice"). Within the Notice, Defendants notified Plaintiff that they intended to serve a Subpoena on TD Ameritrade, which is Plaintiff's current employer, for "its entire personnel file related to Michael V. Miller, including payroll records,

OM 92552.1

attendance records, disciplinary records, performance evaluations, medical records, workers' compensation claim documents, and any and all other information related to Michael Miller's employment."[1]  On August 9, 2010, Plaintiff's counsel, Andrew Hilger, responded to the Notice by emailing the undersigned Defendants' counsel, Joshua Dickinson.  Within the email, Mr. Hilger noted, "On the subpoenas, Josh, the NEOC files are obviously relevant, as are his compensation records at TD Ameritrade.  But I intend to object to the remainder.  I would be happy to provide you with W-2s now if that would suffice.  I suspect you will want it from the horse's mouth, however.  Let me know otherwise."  (Exhibit 1, Affidavit of Joshua C. Dickinson ("Dickinson Aff.").  In an attempt to understand and resolve Mr. Hilger's objections, on August 9, 2010, Mr. Dickinson sent Mr. Hilger an email noting, "If you could further articulate the rationale for your objections, we can consider your position and whether this is something we really need to take to the Judge.  If your concern is confidential or private information, we are happy to consider any sort of protective order you wish to propose.  But, all of the information we seek is relevant to the issues pled."  (Ex. 1, Dickinson Aff.).  Mr. Hilger never articulated a rationale for his objections or responded to Mr. Dickinson's August 9, 2010 request.  (Ex. 1, Dickinson Aff.).  On August 24, 2010, Plaintiff filed the Objection.

      A.     <u>Plaintiff Failed to Comply with Nebraska Civil Rule 7.0.1(i).</u>

Plaintiff's Objection does not comply with NECivR 7.0.1(i).  It is well established under NECivR 7.0.1(i) that the Court only considers a discovery motion in which the moving party, in the motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.  Prior to filing the Objection, Plaintiff never

---

[1] Defendants also notified Plaintiff that they intended to serve a Subpoena on the Nebraska Equal Opportunity Commission ("NEOC").  Plaintiff does not dispute the scope of the Defendants' subpoena to the NEOC.

OM 92552.1

responded to Mr. Dickinson's August 9, 2010, email, or attempted to discuss or resolve his concerns with Defendants' counsel. (Ex. 1, Dickinson Aff.; Exhibit 2, Affidavit of Pamela J. Bourne ("Bourne Aff."). Consequently, Plaintiff cannot satisfy the requirements of NECivR 7.0.1 (i) and his Objection should be summarily denied.

      B.    <u>The Parties Resolved Two of Plaintiff's Objections.</u>

On August 26, 2010, after the Objection was filed, Defendants' counsel, Pamela Bourne, contacted Mr. Hilger to discuss Plaintiff's Objection. Mr. Hilger and Ms. Bourne ultimately agreed that: (1) Plaintiff would withdraw his objection to Defendants subpoenaing Mr. Miller's payroll records from TD Ameritrade; and (2) Defendants would not request Plaintiff's medical or workers' compensation records from TD Ameritrade because Plaintiff agreed he is not seeking personal injury or mental distress damages. (Ex. 2, Bourne Aff.). Consequently, the parties agreed that Plaintiff's remaining objections are limited to Defendants' intent to subpoena the entire personnel file related to Mr. Miller, including attendance records, disciplinary records, and performance evaluations and any and all information related to Mr. Miller's employment (excluding all medical records) ("Personnel File"). (Ex. 2, Bourne Aff.).

      C.    <u>Defendants' Intended Revised Subpoena to TD Ameritrade.</u>

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978); <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Hickman</u>, 329 U.S. at 501.

Discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

Plaintiff's Personnel File at his new employer is highly likely to lead to discoverable information relevant to, among other issues: (1) Plaintiff's alleged damages; (2) Defendants' defense that Plaintiff failed to mitigate his damages; and (3) Defendants' defense that the reduction of Plaintiff's territory, failure to receive a retention bonus, and termination of his employment were due to his poor performance. More specifically, Plaintiff placed his subsequent work history at issue by alleging he suffered damages upon leaving Defendants' employ. (Filing No. 1). Defendants contend that Plaintiff failed to mitigate his damages by failing to continue work which would pay the same or more than his position with the Defendants. Plaintiff also placed his prior and subsequent work history at issue by alleging that his performance was "exceptional" and that his sales quotas were "unrealistic." (Filing No. 1, ¶¶ 5, 9). Clearly, discovering employment records from Plaintiff's subsequent employer is appropriate given the claims and defenses at issue in this suit. In addition, any statements Plaintiff made to his subsequent employer regarding his employment with Defendants in résumés, job applications, and job interview notes could be relevant to this litigation and are the most likely source for potential admissions against Plaintiff's interest.

Contrary to Plaintiff's assertions, Defendants are not on a "fishing expedition" or searching for character evidence. Indeed, Plaintiff's discussion of character evidence under Rule 404 is a red herring. Rule 404 outlines the standards for the admissibility of certain evidence, not its discoverability. Whether any information in Plaintiff's current personnel file will be admissible is

4

not the issue before the Court; rather, the Court must determine whether the information might lead to admissible evidence. Clearly, it may. Therefore, the subpoena is proper.

Defendants' position is well supported by case law. For example, in <u>Walker v. Northwest Airlines Corp.</u>, 2002 WL 32539635 (D.Minn. Oct. 28, 2002) the plaintiff alleged termination from employment based on racial discrimination, but the defendant claimed the plaintiff was terminated for cause. <u>Walker</u>, 2002 WL 32539635 at *1. During discovery, the plaintiff refused to sign authorizations for his wage and employment records without narrowing the scope of production. The proposed authorization sought "any and all information" pertaining to Plaintiff's employment. <u>Id.</u> *2. The <u>Walker</u> Court concluded the authorization was not overly broad or unnecessarily invasive because

> both past and post-termination wage and employment records are highly relevant to the issue of mitigation and to the computation of damages in this case. Third, other types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence.

<u>Id.</u>

Likewise, in <u>Equal Employment Opportunity Commission v. Woodmen of the World Life Insurance Society</u>, 2007 WL 649298 (D. Neb. Feb. 1, 2007), the defendant sought leave to subpoena personnel records from three of the plaintiff's current and former employers, for "documents pertaining to the employment of [plaintiff] including but not limited to [plaintiff's] human resource file, contract file, any and all performance evaluations or reviews, documents showing dates of employment and salary history, and any and all EEO complaints made by [plaintiff.]" Magistrate Thalken, who found the Court's rationale in <u>Walker</u> persuasive and applicable, noted, "[f]urther, the employment records may contain information relevant to [plaintiff's] mitigation of damages. Additionally, [plaintiff's] general job performance records reasonably bear on the defendant's stated

OM 92552.1

reason for [plaintiff's] demotion and is reasonably likely to lead to admissible evidence." <u>EEOC</u>, 2007 WL 649298 at *5.

## <u>CONCLUSION</u>

Based on the foregoing arguments, this Court should overrule Plaintiff's Objection to Defendants' Intention to Serve Subpoena, and grant such other and further relief as the Court deems just and proper.

DATED this 7th day of September, 2010.

> AMERICAN INTERNATIONAL GROUP, INC.,
> SUNAMERICA CAPITAL SERVICES, INC.,
> AND AIG SUNAMERICA.,  Defendants.

> By: <u>s/ Joshua C. Dickinson</u>
> Joshua C. Dickinson, Bar Number 23700
> Pamela J. Bourne, Bar Number 21916
> Attorneys for Defendants
> Spencer Fane Britt & Browne LLP
> 9420 Underwood Avenue, Suite 200
> Omaha, NE 68114
> Telephone:  (402) 965-8600
> Fax:  (402) 965-8601
> E-mail:  jdickinson@spencerfane.com
> pbourne@spencerfane.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was filed electronically with the United States District Court for the District Of Nebraska, with notice of case activity generated and sent electronically this 7th day of September, 2010, to:

> Andrew J. Hilger
> Law Office of Andrew J. Hilger
> 5015 Dodge Street
> Omaha, Ne  68101
> andrew@ajhilger.com

> <u>s/ Joshua C. Dickinson</u>

6

OM 92552.1