IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL V. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV172 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN INTERNATIONAL | ) | MEMORANDUM AND ORDER |
| GROUP, Inc., SUNAMERICA | ) | |
| CAPITAL SERVICES, Inc., AIG | ) | |
| SUNAMERICA FINANCIAL, and | ) | |
| SUNAMERICA FINANCIAL, | ) | |
| Divisions of SunAmerica Life Insurance | ) | |
| Co., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff's amended complaint alleges he was employed by the defendants beginning in May of 2004, and was terminated from that employment on February 11, 2009 due to age discrimination. The complaint further alleges the defendants withheld the plaintiff's earned retention bonus and terminated plaintiff's employment in retaliation for plaintiff's complaints of age discrimination. See filing no. 32. The plaintiff is currently employed by TD Ameritrade. Filing No. 29.

The defendants have raised the affirmative defense of failure to mitigate. Filing No. 35, ¶ 29. Within the parties' Rule 26(f) report, the defendants state they intend to prove that "even if defendants are somehow liable to plaintiff, plaintiff nonetheless failed to take reasonable steps to obtain comparable employment and that such failure to mitigate damages should bar some or all of plaintiff's claim for damages." Filing No. 23, p. 7.

On August 9, 2010, the defendants served notice of their intent to serve a subpoena duces tecum, (see NECivR 45.1), on TD Ameritrade, plaintiff's current employer, "to

procure its entire personnel file related to Michael Miller, including all payroll records, attendance records, disciplinary records, performance evaluations, medical records, workers' compensation claim documents, and any and all other information regarding Michael Miller's employment." Filing No. 27. The plaintiff filed an objection to defendants' notice on August 24, 2010, along with a request for an order prohibiting the defendants from serving the proposed subpoena on TD Ameritrade. Filing No. 29.

The parties have apparently reached an agreement as to some of the issues raised by plaintiff's objection. Specifically, based on the parties' email exchange, the plaintiff concedes the defendants can subpoena TD Ameritrade to produce plaintiff's payroll records, and since the plaintiff is not seeking emotional distress damages, the defendants have agreed they will not subpoena plaintiff's medical records or workers' compensation claim documents (if any) from TD Ameritrade. Filing No. 31-2, ¶ 4. However, as to the remainder of the records, including TD Ameritrade's records regarding plaintiff's performance, disciplinary actions, attendance while employed at TD Ameritrade, and "and any and all other information regarding Michael Miller's employment," the parties have reached no agreement. The plaintiff argues his post-termination job performance for another employer is not relevant or admissible in determining whether the defendants had a nondiscriminatory basis for terminating plaintiff's employment, and the court should not permit the defendant to serve a subpoena on plaintiff's current employer which may potentially interfere with the plaintiff's current employment without some initial showing that the requested records may be relevant and a less expensive and less risky discovery method is unavailable.

A plaintiff seeking recovery for alleged discriminatory employment decisions has a duty to look for another position to mitigate his damages, but the employer has the burden of proving plaintiff failed to do so. Chalfant v. Titan Distribution, Inc., 475 F.3d 982, 992 (8th Cir. 2007); Denesha v. Farmers Ins. Exchange, 161 F.3d 491, 502 (8th Cir. 1998). To meet this

burden, an employer must show there were suitable employment positions available and the plaintiff failed to use reasonable care in seeking them.  Denesha, 161 F.3d at 502.

The defendant claims it is also entitled to performance, discipline, attendance, and any other employment records, (which would include plaintiff's job application and any reference letters), because the plaintiff's complaint requests damages and the defendant has alleged a failure to mitigate affirmative defense.  There is case law to support the defendant's arguments.  See, E.E.O.C. v. Woodmen of World Life Ins. Soc., 2007 WL 649298, 5 (D. Neb. 2007)(holding employment records may contain information relevant to plaintiff's mitigation of damages, and his general job performance records at a subsequent employer reasonably bear on the defendant's stated reason for plaintiff's demotion by the defendant and are reasonably likely to lead to admissible evidence)(relying on Walker v. Northwest Airlines Corp., 2002 WL 32539635, 2 (D. Minn. 2002)("[B]oth past and post-termination wage and employments records are highly relevant to the issue of mitigation and to the computation of damages[, and] other types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence.").  See also, Hite v. Peters, 2009 WL 1748860, 3 (D.N.J. 2009); and Thomas v. Deloitte Consulting LP., 2004 WL 1372954, 3 (N.D. Tex. 2004).

The scope of permissible discovery lies within the boundaries of relevance and reasonableness–a determination which must be made on a case-by-case basis. Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ."  Fed. R. Civ. P. 26(b)(1).  However, when faced with an objection, the proponent of the discovery must present "some threshold showing of relevance . . .before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, 4 (D. Neb. 2007)(Thalken, M.J.).

Other than blanket statements derived from the pleadings, there is nothing before the court explaining the factual basis of plaintiff's alleged damage claim or the defendant's alleged mitigation defense. Although the defendant argues, in essence, that alleging a failure to mitigate defense automatically entitles it to discover the plaintiff's post-termination employment records, this per se rule would dispense with any need to assess discovery requests on a case-by-case basis, and would vest the defendant with authority to delve into information held by a subsequent employer without any threshold factual showing of relevance or the likelihood of leading to the discovery of relevant information.

It is unclear how plaintiff's alleged loss of "pending lifetime pension benefits" could be effected by plaintiff's employment at TD Ameritrade; and the court cannot discern from the current record whether plaintiff's "lost income" claim arises from defendants' alleged unlawful withholding of plaintiff's earned retention bonus, a lapse of employment following termination from defendant's employment, or lower pay received from plaintiff's post-termination employer, TD Ameritrade. If the plaintiff's position at TD Ameritrade is equivalent employment for approximately the same pay, or if plaintiff's pay is not affected by performance or attendance, it is unclear why the defendant needs the employment records which remain in dispute. Similarly, the court is not convinced that absent some threshold factual showing of relevance, records regarding plaintiff's performance at his current position is or could be relevant to prove his performance level for the defendants. There is no showing that the job requirements of plaintiff's current employment are comparable to those required in his terminated employment for the defendants, and to the extent the jobs are not comparable and the defendants are actually claiming the plaintiff was not sufficiently motivated to work, this alleged propensity is neither admissible at trial, (Tisdale v. Federal Exp. Corp., 415 F.3d 516, 536 -537 (6th Cir. 2005)), nor shown to be relevant for discovery purposes on the record now before the court.

Accordingly.

IT IS ORDERED that except to the extent the defendants' proposed subpoena seeks payroll records for plaintiff's employment at TD Ameritrade, the plaintiff's objection, (filing no. 29), is sustained.

DATED this 25th day of October, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.