IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL V. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV172 |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN INTERNATIONAL | ) | MEMORANDUM AND ORDER |
| GROUP, Inc., SUNAMERICA | ) | |
| CAPITAL SERVICES, Inc., AIG | ) | |
| SUNAMERICA FINANCIAL, and | ) | |
| SUNAMERICA FINANCIAL, | ) | |
| Divisions of SunAmerica Life Insurance | ) | |
| Co., | ) | |
| | ) | |
| Defendants. | ) | |

The court previously entered an order sustaining plaintiff's objection to defendants' proposed service of subpoenas on plaintiff's current employer, T.D. Ameritrade. (Filing No. 39). As explained in the prior order, the court concluded the defendants had failed to explain, other than in conclusory terms, how plaintiff's employment records from his current employer could lead to the discovery of relevant information regarding plaintiff's employment discrimination claim or defendants' mitigation defense.

The defendants filed a motion for reconsideration, supported by evidence and explaining plaintiff's damage claims in more detail. Filing No. 40. The plaintiff has not responded to the motion for reconsideration, and the deadline for responding has now passed. The motion for reconsideration is therefore deemed unopposed, and could be granted for that reason alone. However, the court has reviewed the defendants' brief and evidence on reconsideration, which now include information indicating: 1) the plaintiff is seeking lost wages because plaintiff's current wage or salary from T.D. Ameritrade is substantially less than the pay he was receiving from the defendants, and 2) plaintiff's ability

to obtain higher wages at T.D. Ameritrade is affected by his job performance and commensurate promotions within that company. Accordingly, the court finds TD Ameritrade's records regarding plaintiff's pay, performance, disciplinary actions, attendance, and any and all other employment records for his employment at TD Ameritrade (other workers' compensation or medical records), are relevant or could lead to the discovery of relevant information on defendants' mitigation defense. The defendants' motion for reconsideration will be granted as both unopposed and on the merits.

Accordingly,

IT IS ORDERED:

1) The defendants' motion for reconsideration, (filing no. 40), is granted.

2) The defendants are entitled to serve a subpoena on plaintiff's current employer, T.D. Ameritrade, for production of plaintiff's personnel file, including payroll records, attendance records, disciplinary records, performance evaluations and any and all information related to Mr. Miller's employment (excluding medical or workers' compensation records).

DATED this 1st day of December, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge